

FILED
Dec 27, 2021
10:25 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Charles Lawson | ) | Docket No. 2021-01-0213 |
| | ) | |
| v. | ) | State File No. 56752-2020 |
| | ) | |
| Amazon.com Services, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer asserts the trial court erred in declining to grant its pre-hearing motion in limine to exclude the testimony of an expert witness based on the alleged unreliability of the information and data on which the expert relied. In denying the motion, the trial court concluded the issues noted by the employer impact the weight but not the admissibility of the expert's opinions, and the employer has appealed. Discerning no error, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, Amazon.com Services, LLC

G. Brent Burks, Chattanooga, Tennessee, for the employee-appellee, Charles Lawson

### Memorandum Opinion[1]

Charles Lawson ("Employee") worked for Amazon.com Services, LLC ("Employer"), as a fulfillment associate at one of its distribution centers in Hamilton County. On August 31, 2020, Employee reported experiencing low back pain radiating down his left lower extremity while lifting heavy totes at work. He was initially seen at

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

1

Employer's onsite clinic, then selected Dr. Robert Sass, an osteopathic doctor with Nova Medical Centers, from Employer's panel of physicians. During his initial visit with Dr. Sass, which occurred on the date of the accident, Employee reported having experienced prior low back problems. According to Dr. Sass's August 31 report, Employee described a "history of back problems including a pinched nerve and has sciatic pain intermittently." Employee also reportedly told Dr. Sass of having "back pain once a month," which he treated with pain medications. According to Dr. Sass's report, there was "[n]o specific incident . . . no slip, trip[,] fall or faulty equipment."[2] As a result of Dr. Sass's examination, he concluded "within a reasonable degree of medical certainty" that Employee "is experiencing a flare of back pain" due to a "chronic back issue" and that "no work injury has occurred." Thereafter, Employer denied Employee's claim.

After leaving Dr. Sass's office, Employee went to a local emergency room, where he reported "low back pain and burning into his left leg and foot." He also reported a "history of spinal stenosis and a disc problem." With respect to his pre-existing condition, Employee "describe[d] having [a] problem years ago [but] never had to have surgery and has not been having pain since that time." He reported the work incident as having occurred when he "lifted some Gatorade and felt pain in his low back and down his left leg." A CT of the lumbar spine revealed "spinal stenosis from L3-S1." Employee was diagnosed with a lumbar strain, spinal stenosis, left sided sciatica, and degenerative arthritis. A consultation was sought from Dr. Garrick Cason of Comprehensive Spine Institute, who recommended Employee take steroidal medication and undergo physical therapy.

Thereafter, Employee sought treatment on his own from Dr. Cason, who he first saw on October 1, 2020. Employee reported that he "was injured at work on 8/31/2020 picking up an item" and described "immediately [feeling] pain in his lower back and down either side of his [left lower extremity]." Dr. Cason noted that the "[c]ausative event at the time of symptom onset [was] reported as picking up [an] item at work." Under "past medical history," Dr. Cason indicated Employee had reported a history of osteoarthritis, but there was nothing in his report indicating Employee had described prior low back injuries or any significant treatment to the lumbar spine.

Diagnostic scans ordered by Dr. Cason were interpreted as revealing "retrolisthesis" at L4 through S1 and "neuroforaminal stenosis" at L4-S1. Dr. Cason described these findings as "mild degenerative disc arthritis at L5-S1" and "facet joint degenerative arthritis at L4-L5, moderate left and mild right." Dr. Cason diagnosed degenerative changes in the lumbar spine, as well as "[l]umbar [r]adiculopathy on the left." He opined that "[b]ased on the patient's history and clinical evaluation, the current problem is

---

[2] We note, however, that earlier in the same paragraph of his August 31 report, Dr. Sass noted Employee had described an incident on 8/31/2020 at 7:40 a.m. "while moving an item" in which Employee "developed low back pain and left leg pain."

consistent with the accident described by the patient." Dr. Cason also signed a form on October 1 indicating that Employee "is temporarily and totally disabled from any gainful employment at the present time." Later, Dr. Cason signed an affidavit in which he stated, "within a reasonable degree of medical certainty, and considering all causes, that Mr. Lawson's lumbar injuries and the aggravation of his pre-existing lumbar spine conditions, which he suffered while lifting and moving a large . . . box on August 31, 2020, arose primarily out of and in the course and scope of his employment."

Employee filed a request for hearing and attached medical records, Employee's affidavit, and the affidavit from Dr. Cason. Prior to the hearing, Employer filed a motion in limine seeking to exclude from evidence Dr. Cason's records and affidavit. In support of its motion, Employer asserted Dr. Cason's medical opinions were "fundamentally untrustworthy" because Employee had failed to explain to Dr. Cason the extent and nature of his prior injuries and pre-existing condition, as well as his chronic, intermittent low back symptoms and his use of medications to treat those symptoms.

In its order denying Employer's motion, the trial court noted that rules governing the Court of Workers' Compensation Claims provide that medical records and "letters or written statements addressing medical causation signed by a physician" are admissible at an expedited hearing. *See* Tenn. Comp. R. & Regs. 0800-02-21-.15(2) and -.16(2)(b). The trial court then determined that the objections raised by Employer go to the weight but not the admissibility of the evidence in question. We agree.[3]

It is well settled that the admissibility of evidence is within the discretion of the trial judge. *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Majors v. Randstad Inhouse Servs., L.P.*, No. M2010-01975-WC-R3-WC, 2011 Tenn. LEXIS 970, at *10 (Tenn. Worker's Comp. Panel Oct. 19, 2011). A trial court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009).

Rule 703 of the Tennessee Rules of Evidence provides that "[t]he court shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate lack of trustworthiness." Tenn. R. Evid. 703. A pre-trial motion to exclude expert testimony was addressed by the Supreme Court's Special Workers' Compensation Appeals Panel in *Franklin v. Duro Standard Products*, No. W2011-01212-WC-R3-WC, 2012 Tenn. LEXIS 485 (Tenn. Workers' Comp. Panel July 30, 2012). In that hearing loss case, the employer had filed a pre-trial motion to exclude the testimony of an otolaryngologist on

---

[3] On the first page of its brief on appeal, Employer indicated it had requested oral argument, though no motion for oral argument has been filed pursuant to Tenn. Comp. R. & Regs. 0800-02-22-.08(1). We deny the request for oral argument.

the grounds that the physician testified he was unfamiliar with certain OSHA standards for noise exposure and that his testimony was inconsistent with an earlier written report. *Id.* at *9. In rejecting the employer's arguments, the Appeals Panel explained:

> Trial courts' decisions concerning the admission or exclusion of evidence are generally accorded a wide degree of latitude and will only be overturned on appeal where there is a showing of abuse of discretion. This standard of review is applicable to decisions concerning questions pertaining to the qualifications, admissibility, relevancy, and competency of expert testimony.

*Id.* at *10 (internal quotations and citations omitted). The Appeals Panel then concluded the trial court had "correctly found that the questions raised by [Employer] concerning [the physician's] testimony affected its weight, rather than its admissibility." *Id.* at *11.

Here, as noted by the trial court, Dr. Cason indicated in his affidavit he had reviewed the medical records containing what Employer asserts are pertinent discrepancies in the histories provided by Employee. We conclude any such discrepancies impact the weight of Dr. Cason's testimony, not its admissibility. The trial court will be tasked with weighing Dr. Cason's statements and opinions against those offered by Dr. Sass in light of Employee's testimony, documentary evidence, and the presumption of correctness on the medical causation issue in Tennessee Code Annotated section 50-6-102(14)(E). In short, we cannot conclude the trial court abused its discretion in denying Employer's motion in limine.

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Charles Lawson | ) | Docket No. 2021-01-0213 |
| | ) | |
| v. | ) | State File No. 56752-2020 |
| | ) | |
| Amazon.com Services, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of December, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart Megan Jones | | | | X | wth@mijs.com majones@mijs.com |
| G. Brent Burks Lew Belvin | | | | X | brentburks@mcmahanlawfirm.com lew@mcmahanlawfirm.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov